IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES L. GLOVER** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL OUTLAW, Police Commissioner** | : | |
| **Agency Head, PHILADELPHIA POLICE** | : | |
| **DEPARTMENT and OFFICER OLEYN** | : | |
| **And Other Officers Involved** | : | **NO. 23-2057** |

### MEMORANDUM

**Savage, J.**                                                    **October 31, 2023**

Plaintiff James L. Glover, acting *pro se*, filed a civil rights complaint asserting violations of his rights under the United States Constitution and the Pennsylvania Constitution.[1] The claims arise from a police stop and search event that occurred in Philadelphia. Glover names Philadelphia Police Commissioner Danielle (misspelled "Daniel") Outlaw, the Philadelphia Police Department, and Philadelphia Police Officer Oleyn as defendants.[2]

Glover seeks leave to proceed *in forma pauperis*.[3] Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his claims based on the Pennsylvania Constitution and his claims against the Philadelphia Police Department with prejudice, and dismiss the remainder of his Complaint with leave to amend.

---

[1] Compl. 1, ECF No. 2 ["Compl."]. Glover filed two additional actions at the same time he filed the instant action. *See Glover v. Fidaand, et al.*, No. 2:23-cv-2056 (E.D. Pa. filed May 27, 2023) and *Glover v. Outlaw, et al.*, No. 2:23-cv-2058 (E.D. Pa. filed May 27, 2023).

[2] Compl. 1.

[3] *See* Mot. for Leave to Proceed *in Forma Pauperis*, ECF No. 5.

## Factual Allegations[4]

In a single four-sentence paragraph, Glover describes the incident giving rise to his claims. He alleges that on October 12, 2021, an unidentified defendant conducted a search of his person and property without a warrant and without probable cause.[5] He claims the unnamed officer "revoked" his LTCF (we assume referring to a license to carry a firearm) and seized unspecified property and belongings.[6]

Glover asserts violations of his Second and Fourth Amendment rights under the United States Constitution and his rights under the Pennsylvania Constitution. He claims that he has suffered emotional distress and loss of personal property.[7] He seeks an award of money damages and unspecified injunctive relief.[8]

## Standard of Review

Because the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. We must screen the Complaint and dismiss it if it fails to state a claim upon which relief may be granted.

In determining whether a complaint fails to state a claim under section 1915(e), a court applies the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). All well-pleaded allegations are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the

---

[4] The allegations set forth in this Memorandum are taken from Glover's Complaint.

[5] Compl. 1.

[6] *Id.* at 1–2.

[7] *Id.* at 2.

[8] *Id.*

doubt where one exists.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive screening, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).  With these standards in mind, we shall accept as true the facts as they appear in Glover's Complaint and draw all possible inferences from those facts in his favor.

**Discussion**

Only persons can be sued under section 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . shall be liable to the party injured in an action at law." 42 U.S.C. § 1983.

A police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a subdivision of its municipality. *Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005) (per curiam); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability."). Therefore, we shall dismiss Glover's claims against the Philadelphia Police Department.

We shall also dismiss Glover's claims arising under the Pennsylvania Constitution with prejudice. There is no private right of action for damages under the Pennsylvania Constitution. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).

Having dismissed Glover's claims against the Philadelphia Police Department and claims arising under the Pennsylvania Constitution, we turn to his remaining claims against defendants Outlaw, Oleyn, and "other officers involved."

Glover's claims fail because they do not adequately describe the relevant who, what, where, when, and how that form the bases for his claims. As a result, we cannot discern what Glover alleges happened. In general, when presented with a *pro se* complaint, we must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affs.*, 165 F.3d 244, 248 (3d Cir. 1999). However, in this case we cannot determine the factual basis of the claims Glover seeks to bring with sufficient clarity to apply the relevant law. The Complaint does not provide enough information to put the individual defendants on "sufficient notice to prepare their defense" and to ensure "that the Court is sufficiently informed to determine

the issue." *Fabian v. St. Mary's Med. Ctr.,* No. CV 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 8).

Glover's Complaint is deficient. He states the date and location of the incident. He alleges only that defendants revoked his LTCF and seized unspecified property and belongings. He does not describe any of the circumstances giving rise to the search, nor does he identify which of the named defendants were involved. He does not state what property was seized. Glover provides no details explaining how defendants' conduct was impermissible under either the Second or the Fourth Amendment. Accordingly, Glover's claims against the individual defendants will be dismissed for failure to state a plausible claim because they do not comply with Federal Rule of Civil Procedure 8.

Recently, in *Wright v. United States*, the United State Court of Appeals for the Third Circuit affirmed the District Court's dismissal with prejudice of a *pro se* amended complaint because it failed to assert adequate factual allegations to put the named defendants on notice of the claims against them. No. 22-1164, 2023 WL 4540469, at *2 (3d Cir. July 14, 2023) (per curiam). Here, dismissal will be without prejudice to allow Glover to amend his Complaint.

## Conclusion

For the reasons stated, we shall grant Glover's motion for leave to proceed *in forma pauperis*, dismiss his claims based on the Pennsylvania Constitution and his claims against the Philadelphia Police Department with prejudice, and dismiss the remainder of his Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Glover will be granted leave to amend his Complaint consistent with this memorandum. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 111 (3d Cir. 2002).