IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES L. GLOVER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DANIEL OUTLAW, Police Commissioner | : | |
| Agency Head, PHILADELPHIA POLICE | : | |
| DEPARTMENT and OFFICER OLEYN | : | |
| And Other Officers Involved | : | NO. 23-2057 |

## ORDER

**NOW**, this 31st day of October, 2023, upon consideration of the Motion for Leave to Proceed *In Forma Pauperis* (Doc No. 5) and the Complaint (Doc No. 2) it is **ORDERED** as follows:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. The Complaint is deemed filed.

3. The Complaint is **DISMISSED** for failure to state a claim.

4. Plaintiff's claim based on the Pennsylvania Constitution is **DISMISSED WITH PREJUDICE.**

5. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to defendant Philadelphia Police Department.

6. The remainder of plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

7. Plaintiff is granted leave to file an amended complaint.

8. If plaintiff elects to file an amended complaint, he must do so no later than Thursday, November 30th, 2023.

9. If plaintiff files an amended complaint, it shall: (a) identify all defendants both in the caption of the amended complaint and in the body of the amended complaint; and (b) state the basis for each of the plaintiff's claims against each defendant.

10. The amended complaint shall be a complete document that does not rely upon plaintiff's claims in his initial Complaint nor any other papers filed in this case to state a claim. When drafting an amended complaint, plaintiff shall consider the Court's reasons for dismissing the initial Complaint as explained in the Memorandum of October 31, 2023.

11. Plaintiff shall provide as much identifying information for each defendant as possible and may refer to a defendant by his or her last name only if that is the sole identifying information plaintiff possesses.

12. The Clerk of Court shall furnish plaintiff with a copy of the Court's standard form to be used by a *pro se* litigant filing a civil rights action, bearing the above Civil Action Number.

13. Plaintiff shall use this form to file his amended complaint.

14. Upon the filing of an amended complaint, the Clerk shall not make service until directed by the Court to do so.

15. If plaintiff does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the Civil Action Number for this case.[1]

---

[1] *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)) ("If the plaintiff does not desire to amend, he may file an appropriate

12.     If plaintiff fails to file an amended complaint or a response to this Order, the action will be dismissed.[2]

_____
TIMOTHY J. SAVAGE, J.

---

notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate."); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[2] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which requires assessment of the *Poulis* factors).